IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TYLER PARKER,

    Plaintiff,

    v.

ANTHONY DUNCAN, *Trading for ABNB Federal Credit Union*,

    Defendant.

Case No. 2:23-cv-390

**OPINION & ORDER**

Before the Court is Defendant Anthony Duncan's Motion to Dismiss.[1] ECF No. 6. The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 78; E.D. Va. Civ. R. 7(J). For the reasons set forth below, the defendant's motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Tyler Parker, appearing *pro se*, filed a Complaint against the defendant that is difficult to decipher. ECF No. 1. In the "Statement of Claim" section of the Complaint, the plaintiff summarizes the factual basis for his Complaint as follows:

---

[1] The defendant initially filed a Motion to Dismiss on September 8, 2023; however, the defendant mistakenly attached the supporting memorandum as an exhibit to the dismissal motion, instead of filing it as a separate entry on the docket. ECF No. 4; ECF No. 4-1. On September 11, 2023, the defendant refiled the Motion to Dismiss and supporting memorandum as separate docket entries. ECF No. 6; ECF No. 7. The Clerk is **DIRECTED** to terminate the defendant's September 8, 2023 Motion to Dismiss, ECF No. 4, as it is duplicative of the defendant's later filing.

> Principal TYLER PARKER is entitled interest equity in account ending in #6637 at ABNB Federal Credit Union. Registered with ABNB FCU Chief Financial Officer Anthony Duncan promissing a payment or performance that has been performed to Anthony Duncan but has not received notice performance has been applied. Principal TYLER PARKER received a bill with a positive balance to exchange to ABNB Fiscal Officer Anthony Duncan.

*Id.* at 4 (errors in original). On page six of the Complaint, the plaintiff further states:

> Introduction to claim – Anthony Duncan/agent of ABNB Federal Credit Union promised to administrate Principal TYLER PARKER account with a duty of care receiving application as collateral. Following the federal reserve act and it referencing bill of exchange this claim is acting on Breach of Contract of Fiduciary Duties by Anthony Duncan Chief Financial Officer of ABNB Federal Credit Union referencing the federal reserve act, bill of exchange act, promissory note titled retail instrument contract negotiable instruments.

*Id.* at 6 (errors in original).

In the "Basis for Jurisdiction" section of the Complaint, the plaintiff checked the box to indicate that the Court could exercise federal question jurisdiction over this action. ECF No. 1 at 3. When asked to identify "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," the plaintiff states: "Federal Reserve Act Section 16 Application for Notes. Breach of contract. Breach of Fiduciary Duty." *Id.* In the "Relief" section of the Complaint, the plaintiff indicates that he seeks to impose "civil monetary penalties" on the defendant pursuant to Section 29 of the Federal Reserve Act. *Id.* at 5.

The defendant seeks dismissal of this action on multiple grounds. ECF No. 7. First, the defendant argues that this Court lacks subject-matter jurisdiction over this

2

action, and as a result, dismissal is warranted under Fed. R. Civ. P. 12(b)(1). *Id.* at 8–10. Next, the defendant argues that the plaintiff's Complaint fails to state a claim on which relief may be granted and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6). ECF No. 7 at 10–11.

Finally, the defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). ECF No. 7 at 11–12. Specifically, the defendant argues that the plaintiff failed to effectuate service of process on the defendant, and as a result, the Court lacks personal jurisdiction over the defendant. *Id.*

## II. LEGAL STANDARDS

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject-matter jurisdiction over civil cases (1) "arising under the Constitution, laws, or treaties of the United States" ("federal-question jurisdiction"); or (2) in which the amount in controversy exceeds $75,000, exclusive of interest and costs and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009).

A party can challenge subject-matter jurisdiction in two ways: (1) a facial attack, which contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or (2) a factual attack, which contends "that

3

the jurisdiction allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quotations and citation omitted); *see* Fed. R. Civ. P. 12(b)(1). When a defendant makes a facial challenge to subject-matter jurisdiction, the court must assume that all facts alleged in the complaint are true, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

**B.    The Plaintiff's *Pro Se* Status**

"In cases where the plaintiff appears *pro se*, courts do not expect the *pro se* plaintiff to frame legal issues with the clarity and precision expected from lawyers." *Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). In such cases, courts are required to construe the operative complaint liberally. *Id.* However, courts "cannot act as a *pro se* litigant's 'advocate and develop, [on its own], . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19-cv-558, 2020 WL 5750896, at *2 (E.D. Va. Sept. 25, 2020) (citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22-cv-165, 2022 WL 982361, at *2 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint does not "transform[] the court into [the *pro se* plaintiff's] advocate" (citation omitted)).

### III. ANALYSIS

"Subject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court." *Sullivan v. Perdue Farms, Inc.*, 133 F. Supp. 828, 833 (E.D. Va. 2015) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005)); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (explaining that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case"). As such, the Court will first address the defendant's jurisdictional argument under Fed. R. Civ. P. 12(b)(1).

The plaintiff asserts that this Court can exercise federal question jurisdiction over this case.[2] ECF No. 1 at 3. To support his assertion, the plaintiff relies on Sections 16 and 29 of the Federal Reserve Act.[3] *Id.* at 3, 5. The defendant argues that the Federal Reserve Act does not provide a private cause of action and therefore cannot serve as the basis for federal-question jurisdiction. ECF No. 7 at 8.

The defendant's argument comports with the law. "Courts have routinely held that Sections 16 and 29 of the Federal Reserve Act do not confer a private right of action." *Yancey v. Fulton Fin. Corp.*, No. 1:23-cv-1791, 2024 WL 1344534, at *1 (E.D. Va. Mar. 8, 2024); *see Thomas v. Progressive*, No. 1:23-cv-225, 2023 WL 9423302, at *5 (S.D. Ala. Dec. 29, 2023) (explaining that Sections 16 and 29 of the Federal Reserve

---

[2] The Court notes that diversity jurisdiction does not apply to this action because the parties are citizens of the same state. ECF No. 1 at 1–4; *see* 28 U.S.C. § 1332.

[3] The plaintiff's Complaint also refers to a breach-of-contract claim and a breach-of-fiduciary-duty claim. ECF No. 1 at 3. However, those are state law claims, not federal law claims, and cannot serve as the basis for federal question jurisdiction.

Act do not provide for a private right of action "and therefore cannot serve as a basis for federal[-]question jurisdiction"); *Morton v. J.P. Morgan Chase & Co.*, No. 6:23-cv-4570, 2023 WL 8767544, at *5 (D.S.C. Nov. 21, 2023) (same), *R. & R. adopted by* 2024 WL 397170 (D.S.C. Feb. 1, 2024); *White v. Lake Union Ga. Partners LLC*, No. 1:23-cv-2852, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (same). Courts have further explained:

> Section 16 of the Federal Reserve Act . . . governs the issuance and redemption of Federal Reserve notes [and] Section 29 of the Federal Reserve Act . . . imposes penalties on banks for an array of misconduct. However, the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.

*Morton*, 2023 WL 8767544, at *5 (quotation marks and citations omitted); *see also Williams v. PennyMac Loan Serv.*, No. 3:23-cv-5063, 2023 WL 7742736, at *4 (D.S.C. Oct. 25, 2023), *R. & R. adopted by* 2023 WL 7702681 (D.S.C. Nov. 15, 2023).

Under these circumstances, the Court concludes that the plaintiff has not adequately established that this Court may exercise subject-matter jurisdiction over this action. *See Vuyyuru*, 555 F.3d at 347–48 (explaining that the burden of proof regarding subject-matter jurisdiction lies with the plaintiff). Accordingly, the defendant's motion is granted, and the case will be dismissed.[4]

---

[4] Because the Court dismisses this action on jurisdictional grounds, the Court need not address the alternative dismissal arguments raised by the defendant. However, the Court notes that even if the Court had subject-matter jurisdiction, dismissal would nevertheless be appropriate pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff's Complaint fails to allege facts sufficient to state any plausible claims for relief against the defendant. *See* ECF No. 1; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. CONCLUSION

For the foregoing reasons, Defendant Anthony Duncan's Motion to Dismiss (ECF No. 6) is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

The plaintiff may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within 30 days of the date of entry of this Opinion and Order. If the plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to please send a copy of this Opinion and Order to the plaintiff and all counsel of record.

**IT IS SO ORDERED.**

/s/ *JKW*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 30, 2024